**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1118
_____

WILLIAM HARDY SAUNDERS, JR., artist and photographer, member of class represent
minority group; as individual; and on behalf class all other persons similarly situated John and
Mary Does one through hundred yet to be identified and determine part of this action a suit for
damages,
Appellant

v.

ART COUNCIL OF PRINCETON; JIM LEVINE, Executive Director; MARIA EVANS,
as the Artistic Director, and are each; being sued individually and in official capacity;
LIZ LEMPERT, Mayor, being sued individually; COUNCIL MEMBERS, individually
and in official capacity; CITY, MUNICIPALITY PRINCETON, NEW JERSEY;
PRINCETON UNIVERSITY; LEWIS CENTER FOR THE ARTS; MUSEUM OF ART
FOR PRINCETON UNIVERSITY; PRINCETON HISTORICAL PRESERVATION
COMMISION; PUBLIC ART SELECTION COMMITTEE OF PRINCETON; JOHN
AND MARY DOES 1-100; SHIRLEY SATTERFIELD, as individual; MARION
DAVIA, sued as individual; BARBARA A. HILLIER, Individually; ROBERT HILLIER,
Individually; TIMOTHY M. ANDREWS, Chief Executive Officer, and the Advertising
Specialty Institute, each, being sued individually; SETH B. HINSHAW, individually, and
in official capacity; JOINT EFFORT SAFE STREETS PROGRAM, entity; JOHN
BAILEY, organizer, each being sued individually and in official capacity; THE STUDIO
HILLIER, entity; LETICIA FRAGA, Councilwoman, being sued individually and in
official capacity; WISE PRESERVATION PLANNING, as entity; ELIZABETH H.
KIM, Officer, and, in all, each are being sued individually and in official capacity;
WITHERSPOON-JACKSON NEIGHBORHOOD ASSOCIATION; PUBLIC ARTS
SELECTION COMMITTEE; HISTORIC PRESERVATION COMMISSION, AND
COMMISSIONERS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-19018)

District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 24, 2021
Before:  MCKEE, SHWARTZ, and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 28, 2021)
_____

OPINION[*]
_____

PER CURIAM

William Saunders appeals the District Court's order dismissing his complaint

under 28 U.S.C. § 1915(e)(2)(B)(ii).  Appellant also appeals the denial of his motion for a

preliminary injunction, his motion for a temporary restraining order, and his motion to

appoint counsel.  For the reasons set forth below, we will affirm.

I.

Saunders filed a complaint against the Arts Council of Princeton and various

defendants affiliated with the municipality of Princeton, New Jersey, and Princeton

University on behalf of the African American residents of Princeton's historically

African American Witherspoon-Jackson neighborhood.  Saunders is an African American

artist and a Princeton native.  He stated that the local government passed an ordinance to

preserve Witherspoon-Jackson and its African American heritage.  Saunders claimed the

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

defendants violated this ordinance when they proposed and approved a mural celebrating Hispanic heritage to be painted in the neighborhood. He also alleged that the defendants misused national grant funds and maintained a discriminatory sanctuary city policy. The District Court twice screened Saunders's complaint under 28 U.S.C. § 1915, finding both times that he had failed to state a claim but granting Saunders an opportunity to amend after each dismissal. Following the second dismissal, the District Court cautioned Saunders that a failure to cure the deficiencies would result in a dismissal with prejudice. Saunders then filed his second amended complaint, asserting 5 claims: 1) "Race Discrimination Deprive Equal Protection of Law"; 2) "Discrimination on Basis Race, Origin, Culture, and Identity"; 3) "Discrimination By Policy Sanctuary City Preferential Treatment"; 4) "Discriminatory to [sic] Pitting Immigrant Culture Against Black-American Culture"; and 5) "Race Discrimination By Mural Deny Freedom of Expression." Saunders claimed that the defendants violated his First, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. §§ 1981–83, although he did not specify how these provisions or constitutional violations applied to the specific claims in his complaint. Saunders sought the appointment of counsel, the removal of the mural, an end to the "Sanctuary city policy," and monetary damages.

The District Court again screened Saunders' complaint pursuant to 28 U.S.C. § 1915 and concluded that he had failed to state a claim as to each of the five alleged counts. More specifically, the Court indicated that Saunders failed to plead any plausible

3

basis for racial discrimination, had provided what amounted to "merely an account of his reaction to the mural," failed to detail any discriminatory policy, and failed to allege a violation of his statutory or constitutional rights. This timely appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's ruling. See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To state a claim, a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We construe Saunders's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## III.

Much of Appellant's pro se brief contains conclusory arguments, with little to no citation to the record or relevant authority.[1] To that extent, he has forfeited review of much of the District Court's decision. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145–46 (3d Cir. 2017) (noting that "we have consistently

---

[1] For example, Saunders includes an extensive account of his family history, his personal history, and arguments concerning his medical issues. He also alleges claims regarding the Americans with Disability Act, the Social Security Act, and arguments concerning an alleged wrongful conviction. Because these issues were not raised below, we will not consider them. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021) ("It is well-established that arguments raised for the first time on appeal are not properly preserved for appellate review."); Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 249 (3d Cir. 2013) ("We generally refuse to consider issues that the parties have not raised below.").

refused to consider ill-developed arguments" or those not properly preserved due to passing and conclusory statements). Nonetheless, to the extent his brief may be construed as contesting the issues, we agree with the District Court's decision.

Saunders's complaint alleged various theories of racial discrimination related to the Arts Council of Princeton's sponsorship of a mural on the wall of a local grocery store that was painted by a first-generation American of Guatemalan descent. However, even if Saunders had standing,[2] his complaint did not support an inference of any disparate treatment or discriminatory purpose regarding the mural. Although he argues that defendants engaged in preferential treatment, his allegations are conclusory and speculative, and failed to demonstrate any connection between the alleged preferential treatment and his membership in a protected class. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (""[f]actual allegations must be enough to raise a right to relief above the speculative level."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (explaining that "pro se litigants still must allege sufficient facts in their complaints to support a claim"); Sarullo v. U.S. Postal Service, 352 F.3d 789, 798 (3d

---

[2] It is unclear from the allegations in Saunders's complaint to what extent he alleges that he has been harmed by the defendants' alleged actions. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 278 (3d Cir. 2014) (to satisfy injury-in-fact standing requirement, a plaintiff must claim "the invasion of a concrete and particularized legally protected interest" resulting in harm "that is actual or imminent, not conjectural or hypothetical.") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

Cir. 2003) (per curiam) (plaintiff in racial discrimination claim must "establish some causal nexus between his membership in a protected class and" the adverse action).

Similarly, to the extent that Saunders raised claims under either 42 U.S.C. § 1981 or 42 U.S.C. § 1982, he failed to establish the necessary elements to make out a claim of discrimination under either statute. The Supreme Court has explained that "[a]lthough not identical, the requisite elements of claims under §§ 1981 and 1982 are quite similar." Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001). To state a claim under § 1981, "a plaintiff must allege facts in support of the following elements: (1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated by the statute, which includes the right to make and enforce contracts." Id. at 797 (quotations omitted). Under § 1982, a plaintiff must allege facts that raise "a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race." Id. Not only did Saunders fail to establish a plausible inference of discrimination, but he also failed to allege that his complaint had any connection to his contract or property rights, factors that are essential to claims under these two statutes. Id.

Additionally, Saunders sought to raise a claim under 42 U.S.C. § 1983, which required him to "prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived

6

the plaintiff of rights, privileges, or immunities secured by the Constitution" or federal law." Schneyder v. Smith, 653 F.3d 313, 318-19 (3d Cir. 2011). Saunders has not alleged that any discrimination was the result of a policy or custom necessary to implicate municipal liability under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, . . . inflicts the injury that the government as an entity is responsible under § 1983.").

While Saunders did allege that there was a sanctuary city policy that contributed to the mural's selection, he did not plead facts detailing what the policy was, how it operated, or how the alleged policy furthered a discriminatory purpose. As a result, the allegation is a legal conclusion not entitled to be assumed true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (allegation that conduct was motivated "solely on account of religion, race, and/or national origin" was conclusory and "not entitled to be assumed true.") (citation omitted). The mere allegation that there was a policy, without more, is not enough to plausibly state a claim of racial discrimination. See Santiago v. Warminster Twp., 629 F.3d 121, 133 (3d Cir. 2010) ("Allegations that are merely consistent with a defendant's liability or show the mere possibility of misconduct are not enough.") (quotation omitted); Sarullo, 352 F.3d at 798.[3]

---

[3] For the foregoing reasons, the District Court appropriately denied Saunders's motions

7

Finally, Saunders alleged that the mural violated the National Historic Preservation Act ("NHPA"). The NHPA sets forth certain requirements for protection and preservation of historic property included on the National Register of Historic Places. See 54 U.S.C. §§ 300308, 300311, 300315. Saunders failed to demonstrate how the grocery store mural implicated the NHPA and could not establish that the defendants were liable under the Act's provisions where no private action exists against non-federal agencies under the NHPA. See Pres. Coal. of Erie Cty. v. Fed. Transit Admin., 356 F.3d 444, 455 (2d Cir. 2004) ("Non-federal agencies are not liable for violations of the NHPA."); Vieux Carre Prop. Owners, Residents & Assocs. v. Brown, 875 F.2d 453, 458 (5th Cir. 1989); Edwards v. First Bank of Dundee, 534 F.2d 1242, 1246 (7th Cir. 1976); Ely v. Verde, 451 F.2d 1130, 1139 (4th Cir. 1971).

Accordingly, we will affirm the District Court's judgment.[4]

---

for a preliminary injunction, temporary restraining order, and for the appointment of counsel.

[4] Saunders's motion for an extension of time to file his reply brief is granted.